IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHERYL LUPTOWSKI AND THOMAS LUPTOWSKI<br><br>Plaintiffs<br><br>Vs.<br><br>LAGOON VISTA HOTEL, LLC D/B/A ABITTA HOTEL; CHUBB INSURANCE COMPANY; JOHN DOE; INSURANCE COMPANY "A"<br><br>Defendants | CIVIL NO.<br><br>PLAINTIFF DEMAND TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, the plaintiffs, through the undersigned attorney, and very respectfully allege, state and request:

**I. NATURE OF THE CASE**

1. This is an action in torts, for damages, under Puerto Rico Civil Code, Article 1536.

**II. JURISDICTION AND VENUE**

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. Sec. 1332, since there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy, exclusive of costs and

interests, exceeds seventy-five thousand dollars ($75,000.00).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(a) since the claims alleged arose in this judicial district.

### III. JURY TRIAL DEMAND

4. The plaintiffs request a jury trial for all triable issues.

### IV. THE PARTIES

5. The plaintiffs are Cheryl Luptowski and Thomas Luptowski, of legal age, married, citizens of the United States of America and residents of and with domicile in Bay City, Michigan.

6. The defendants are Lagoon Vista Hotel, LLC, d/b/a Abitta Hotel; Chubb Insurance Company; John Doe and Insurance Company "A".

7. Defendant Lagoon Vista Hotel, LLC, d/b/a Abitta Hotel is a limited liability company organized under the laws of the Commonwealth of Puerto Rico and with its principal place of business in San Juan, Puerto Rico.

8. Defendant Chubb Insurance Company is an insurance company duly organized under the laws of the Commonwealth of Puerto Rico, which at the time of the

alleged facts of this complaint had an insurance policy issued in favor of Lagoon Vista Hotel, LLC d/b/a Abitta Hotel.

9. Defendant John Doe is an individual or entity incorporated and with principal place of business in a state other than Michigan.

10. Defendant Insurance Company "A" is a corporation organized, and which has its principal place of business in a State other than Michigan, and which had issued an insurance policy on behalf of defendants, which policy covers for its liability under a factual situation such as the one alleged in this complaint.

11. Lagoon Vista Hotel, LLC, is the owner and/or operates and/or manages Abitta Hotel located in Clemenceau St. #6 in Condado, San Juan, Puerto Rico.

12. Lagoon Vista Hotel, LLC, conducted, either by itself or through its agents, business transactions within Puerto Rico, and it also participated, either by itself or through its agents, within Puerto Rico in the commission of the tort object of this complaint.

### V. GENERAL ALLEGATIONS

13. On March 26, 2023, plaintiffs Cheryl Luptowski and Thomas Luptowski traveled to Puerto Rico from Michigan

to spend several days on vacation. They checked in at the Abitta Hotel in Condado where they were going to stay for several nights.

14. On April 2, 2023, on or about 4:00 P.M., while plaintiff, Cheryl Luptowski, was walking from said hotel's pool area to the elevators, when passing by a ground floor room, she stepped on what appeared to be tomato sauce or other substance that spilled from a food tray or box placed in the floor by the maid who was cleaning one of the rooms, causing a slip and an abrupt fall.

15. When falling, Ms. Luptowski impacted her left shoulder with one of the room's door jams, falling to the floor and suffering severe and life changing injuries.

16. Ms. Luptowski's fall was caused by the spot of tomato sauce or any other substance that spilled from a food tray or box placed in the floor by the maid who was cleaning a room.

17. Defendant Lagoon Vista Hotel, LLC d/b/a Abitta Hotel, negligence and fault was the adequate cause of the fall due to:

A. As owners and operators of the common premises of the hotel, or through its agents or employees, negligently failed to maintain the floor in a reasonably safe condition.

B. As owners and operators of the common premises of the hotel, or through its agents or employees, negligently failed to take the necessary precautions while cleaning the room and placing the disposable food in the hallway.

C. As owners and operators of the common premises of the hotel, or through its agents or employees, failed to warn plaintiffs, visitors and/or other pedestrians of the danger presented in the floor.

D. As owners and operators of the common premises of the hotel, or through its agents or employees, failing to properly supervise the common areas in question to furnish to the plaintiffs, visitors and/or other pedestrians, a safe and dry floor free from hazards which were recognized or should have been recognized and prevented by defendant.

18. Defendants John Doe and Insurance Company "A" are directly jointly and severally liable to the plaintiffs for all the damages caused to them as a result of the above.

## VI. CAUSES OF ACTION

**1. First Cause of Action**

19. All the paragraphs stated above are literally incorporated herein and are made part of this paragraph.

20. Right after the fall, Ms. Luptowski was transported in ambulance to Ashford Presbyterian Hospital, where she received immediate medical assistance.

21. As a direct consequence of the facts described above, plaintiff Cheryl Luptowski sustained multiple body traumas, particularly a 4-part fracture of the left proximal humerus.

22. For these injuries, on April 10, 2023, Ms. Luptowski had a left humerus surgery at Covenant Medical Center in Michigan.

23. Thereafter, Ms. Luptowski received prescription pain medication, and have received and will receive numerous physical therapies. Because of the surgery, plaintiff remained with a scar.

24. As a direct result of the accident, Ms. Luptowski has suffered intense left humerus pain, impairment, and limitation of motion, all which have substantially limited her capacity to perform most of her life's activities.

25. It is unknown at this moment what whole person impairment percent, if any, Ms. Luptowski has as a direct result of the accident.

26. Due to the aforementioned events, plaintiff, Chery Luptwoski, is entitled to receive full, just and

fair compensation for these damages, in a money amount of no less than **three hundred thousand dollars ($300,000.00)**.

### 2. Second Cause of Action

27. All the paragraphs stated above are literally incorporated herein and are made part of this paragraph.

28. As a direct result of the physical injuries and partial permanent disabilities stated above, plaintiff, Cheryl Luptowski, has sustained the loss of her capacity to engage in most of her life activities and to enjoy life.

29. As a direct result of the above, plaintiff, Cheryl Luptowski, has suffered, is suffering and will continue to suffer severe mental, psychological, moral, and emotional pain, anguish, and distress.

30. Due to the above, plaintiff Cheryl Luptowski is entitled to receive full, just, and fair compensation for the above stated damages, in a money amount of no less than **one hundred thousand dollars ($100,000.00)**.

### 3. Third Cause of Action

31. All the paragraphs stated above are literally incorporated herein and are made part of this paragraph.

32. As a direct consequence of the above, plaintiff, Thomas Luptowski, has suffered and will continue to suffer

mental anguish and distress for all that his wife has gone through. He had to take care of her during the recovery, which was a slow and painful one. Also, Mr. Luptowski had a lost income of approximately fifteen thousand dollars ($15,000.00)

33. Due to the above, plaintiff Thomas Luptowski is entitled to receive full, just, and fair compensation for the above stated damages, in a money amount of no less than **one hundred thousand dollars ($100,000.00)**.

34. Due to the abovementioned events, the Luptowskis had to incur in out-of-pocket expenses including, but not limited to hospital bills, transportation, medical deductibles and others in an amount not less than **one thousand dollars ($1,000.00)**

35. Due to the above, Cheryl Luptowski, who is a Medicare Beneficiary, has used her health insurance to cover her medical expenses. To that extent, Blue Cross-Blue Shield has issued a lien in the amount of $14,111.24, which payment is attributable to all codefendants.

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of the Plaintiff and jointly and severally against the Defendants:

A. Granting the plaintiffs all the sums requested in the complaint.

B. Imposing upon the defendants the payment of all costs and expenses to be incurred in this lawsuit.

C. Granting the plaintiffs any other relief that they may be entitled to as a matter of law.

RESPECTFULLY SUBMITTED in San Juan, Puerto Rico this 6th day of March 2024.

s/Juan M. Cancio-Biaggi

JUAN M. CANCIO-BIAGGI
USDC-PR #229811
PMB 317
P.O. Box 70344
San Juan, P.R. 00936
Tel: (787)763-1211
Fax: (787)763-1215
Email: jm@canciobiaggi.com